

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING OPINION

No. 04-24-00183-CV

All Known, Unknown, and Known but Unfound Heirs, Executors, Administrators, Successors,
Assigns, and Personal Representatives of Louis and Eliza **ECKFORD**,
Appellants

v.

Lou Eda Korth Stubbs **NIXON**, FRJK Legacy Family Limited Partnership, Ellen Ann Korth
Vickers, John Frederick Vickers, Michael Steven Vickers, Ellen Ann Vickers, and William
Korth Vickers,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 12-09-00188-CVK
Honorable Russell Wilson, Judge Presiding

Opinion by: Velia J. Meza, Justice
Concurring Opinion by: Lori I. Valenzuela, Justice

Sitting: Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: October 8, 2025

I agree with the majority's conclusion that we must affirm the trial court's judgment.

However, I write separately to note that I do not believe it is necessary to reach the issue of first

impression presented by the trial court's application of section 16.029(a) of the Texas Civil

Practice and Remedies Code ("the dominion statute"). As the majority notes, the case law on the

dominion statute is scant, and it appears that the Texas Supreme Court has never construed it.

While we sometimes find ourselves in a position where we must take the lead in construing statutory language, I do not believe we are required to do so here.

I agree with the majority that the Korths' cross point on adverse possession requires us to affirm the trial court's judgment. Because we are affirming the judgment based on adverse possession and not remanding for further proceedings, there is no need to provide the trial court or the parties with guidance on the proper resolution of other issues, including the dominion statute. The majority's resolution of the adverse possession cross point thus "addresses every issue raised and necessary to final disposition of the appeal," *see* TEX. R. APP. P. 47.1, even if we assume without deciding that the trial court did not correctly apply the dominion statute.

My conclusion here is not based on a determination that we lack constitutional authority to address the trial court's application of the dominion statute or that the majority's analysis on that point constitutes a true advisory opinion. *See Tex. Comm'n on Env'tal Quality v. Maverick County*, 642 S.W.3d 537, 549–50 (Tex. 2022) (discussing difference between "the constitutional prohibition on advisory opinions" and "[t]he prudential practice of courts to decline to reach issues not necessary to the disposition of a case"). I simply note that because the record allows us to resolve this appeal on more well-established grounds, I believe we should do so. *See Hoagland v. Butcher*, 474 S.W.3d 802, 809 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (declining to reach issue of first impression that was not necessary to resolve appeal); *Plantation Pipe Line Co. v. Highlands Ins. Co.*, 444 S.W.3d 307, 314–15 (Tex. App.—Eastland 2014, pet. denied) (same). Because I believe the majority's resolution of the Korths' cross point on adverse possession is well-reasoned and correct, I concur in the judgment.

Lori I. Valenzuela, Justice